# SUMMONS - CIVIL
JD-CV-1 Rev. 10-15
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov

See other side for instructions

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 1061 Main Street, Bridgeport, CT 06604 | (203) 591-3300 | JUNE 13, 2017 |

| ☒ Judicial District ☐ Housing Session | ☐ G.A. Number: | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) Fairfield at Bridgeport | Case type code (See list on page 2) Major: M  Minor: 90 |
|---|---|---|---|

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Cicchiello & Cicchiello, LLP, 364 Franklin Avenue, Hartford, CT 06114 | 419987 |

Telephone number (with area code): (860) 296-3457

Signature of Plaintiff (if self-represented):

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   ☐ Yes  ☒ No

Email address for delivery of papers under Section 10-13 (if agreed to):

Number of Plaintiffs: 1   Number of Defendants: 1   ☐ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: EMRANI, CURLETA  Address: 76 FAIRVIEW AVENUE, STRATFORD, CT 06614 | P-01 |
| Additional Plaintiff | Name:  Address: | P-02 |
| First Defendant | Name: FAIRFIELD FAMILY CARE, LLC --- 27 FIFTH STREET, STAMFORD, CT 06905  Address: AGENT: ERIC D. GRAYSON, 124 WEST PUTNAM AVENUE, GREENWICH, CT 06830 | D-01 |
| Additional Defendant | Name:  Address: | D-02 |
| Additional Defendant | Name:  Address: | D-03 |
| Additional Defendant | Name:  Address: | D-04 |

A TRUE COPY ATTEST
[illegible stamp]
CT STATE MARSHAL
FAIRFIELD COUNTY

## Notice to Each Defendant

1. YOU ARE BEING SUED. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court ☐ Assistant Clerk | Name of Person Signing at Left  Matthew D. Paradisi | Date signed 05/09/2017 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

RETURN DATE: JUNE 13, 2017 : SUPERIOR COURT

CURLETA EMRANI : J.D. OF FAIRFIELD

VS. : AT BRIDGEPORT

FAIRFIELD FAMILY CARE, LLC : MAY 8, 2017

## COMPLAINT

COUNT ONE: NONPAYMENT OF WAGES IN VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. §§ 206(A), 207(A)(1)

1. Plaintiff, Curleta Emrani ("Plaintiff"), was at all times set forth herein a resident of the Town of Stratford, State of Connecticut.

2. Defendant, Fairfield Family Care, LLC ("Defendant" or "Defendant Company"), is a domestic company with a business address of 27 Fifth Street, Stamford, CT 06905. Defendant operates a home health care service business.

3. Plaintiff was an employee of Defendant as defined by 29 U.S.C. § 203(e)(1).

4. Plaintiff commenced her employment with Defendant as a live-in home caregiver on or about August 24, 2014, often working, or being required to respond to Defendant's clientele's needs, on a 24-hour per day basis in performing her duties as a caregiver.

5. In addition, Plaintiff often worked seven days per week for Defendant.

6. Despite the fact that Plaintiff was either working or required to be present in order to attend to emergent matters with Defendant's clientele on a 24-hour basis, Defendant paid Plaintiff a flat-rate of $100.00 per day, and as such, Defendant failed to pay Plaintiff a minimum wage.

1

7. Each week, Plaintiff would submit her time sheets to Defendant, stating the hours she had worked.

8. In or about 2015, Defendant Company became the subject of a Connecticut Department of Labor ("DOL") investigation into Defendant's failure to properly pay wages to its employees.

9. Plaintiff participated in and assisted the DOL's investigation. At the conclusion of said investigation, the DOL determined that Defendant had unlawfully held a certain sum of Plaintiff's earned wages.

10. Despite the fact that the DOL had determined that Defendant had improperly withheld Plaintiff's wages commencing in 2015, Defendant thereafter continued to fail to properly pay Plaintiff for all hours she had worked for Defendant, and further continued to unlawfully withhold Plaintiff's earned wages.

11. The DOL's investigation, even after it had concluded that Defendant failed to properly pay Plaintiff her earned and owed wages, continued into 2017.

12. While the DOL's investigation continued, Defendant prepared statements for Plaintiff to sign attesting that she only worked 7.5 hours per day. Defendant conveyed that said statements would be submitted to the DOL in the course of its investigation.

13. Said statements were false, as Plaintiff regularly worked far in excess of 7.5 hours per day. As such, Plaintiff refused to sign the statements Defendant had prepared for submission to the DOL.

14. In response to Plaintiff refusing to sign a false statement of her actual working hours, Defendant summarily terminated Plaintiff on or about April 1, 2017.

15. Defendants unlawfully failed to pay plaintiff a minimum wage, failed to pay her owed and earned wages, failed to pay her due overtime wages for time worked in excess of 40 hours per week, and unlawfully withheld her due wages, all in violation of the Fair Labor Standards Act.

16. As a result of the aforementioned unlawful conduct of Defendants, Plaintiff has incurred lost wages, costs, expenses, attorneys' fees, and other consequential losses and damages.

**COUNT TWO: RETALIATION IN VIOLATION OF THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 215 ET. SEQ.**

1. Paragraphs 1 through 23 of Count One are hereby repeated and re-alleged as Paragraphs 1 through 23 of this Count Three as if fully set out herein.

24. Defendant retaliated against and terminated Plaintiff in response to her refusal to submit false statements to the DOL, and in retaliation for Plaintiff participating in the DOL's investigation of Defendant's wage and hour practices.

25. As a result of the aforementioned unlawful conduct of Defendants, Plaintiff has incurred lost wages, costs, expenses, attorneys' fees, and other consequential losses and damages.

26. As a further result of the Defendant's unlawful conduct, Plaintiff has been deprived of the benefit of gainful employment.

**COUNT THREE: NONPAYMENT OF WAGES IN VIOLATION OF CONN. GEN. STAT. § 31-72**

1. Paragraphs 1 through 22 of Count One are hereby repeated and re-alleged as paragraphs 1 through 22 of this Count Five as if fully set out herein.

23. Plaintiff was an employee of Defendant within the meaning of Conn. Gen. Stat. §§ 31-72 and 31-71a.

24. Defendant unlawfully failed to pay Plaintiff a minimum wage, unlawfully withheld Plaintiff's owed and earned wages, and unlawfully failed to pay Plaintiff overtime wages.

25. As a result of the aforementioned unlawful conduct of Defendant, Plaintiff has incurred lost wages, costs, expenses, attorneys' fees, and other consequential losses and damages.

**COUNT FOUR:   UNJUST ENRICHMENT**

1. Paragraphs 1 through 22 of Count One are hereby repeated and re-alleged as paragraphs 1 through 22 of this Count Seven as if fully set out herein.

23. Plaintiff, by way of her continued employment and labor, conferred a pecuniary benefit upon Defendant.

24. Defendant has failed to adequately compensate Plaintiff in exchange for the aforesaid benefit, and has therefore been unjustly enriched.

25. As a result of the foregoing, Plaintiff has incurred damages.

PLAINTIFF,
CURLET, EMRANI

By: _____
Matthew D. Paradisi, Esq.
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
T: (860) 296-3457
F: (860) 296-0607
Email: mparadisi@cicchielloesq.com

4

| | |
|---|---|
| RETURN DATE: JUNE 13, 2017 | SUPERIOR COURT |
| CURLETA EMRANI | J.D. OF FAIRFIELD |
| VS. | AT BRIDGEPORT |
| FAIRFIELD FAMILY CARE, LLC | MAY 8, 2017 |

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

1. Money damages for unpaid wages, overtime wages, and back pay;
2. Reinstatement or front pay;
3. Liquidated damages pursuant to the Fair Labor Standards Act;
4. Double damages pursuant to Conn. Gen. Stat. § 31-72;
5. Punitive damages pursuant to the Fair Labor Standards Act;
6. Attorneys' fees;
7. Costs of this action; and
8. Such other relief as the Court deems just and proper.

PLAINTIFF,
CURLETA EMRANI

By: /s/ Matthew D. Paradisi
Matthew D. Paradisi, Esq.
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
T: (860) 296-3457
F: (860) 296-0607
Email: mparadisi@cicchielloesq.com

5

| | |
|---|---|
| RETURN DATE: JUNE 13, 2017 | SUPERIOR COURT |
| CURLETA EMRANI | J.D. OF FAIRFIELD |
| VS. | AT BRIDGEPORT |
| FAIRFIELD FAMILY CARE, LLC | MAY 8, 2017 |

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand exceeds $15,000.00, exclusive of interests and costs.

PLAINTIFF,
CURLETA EMRANI

By: _____
Matthew . Paradisi, Esq.
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
T: (860) 296-3457
F: (860) 296-0607
Email: mparadisi@cicchielloesq.com