UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CURLETA EMRANI<br>    Plaintiff,<br><br>v.<br><br>FAIRFIELD FAMILY CARE, LLC,<br>    Defendant. | No. 3:17-cv-00981 (VAB) |

**Ruling on Parties' Joint Motion for Settlement Approval**

Curleta Emrani ("Plaintiff") filed this lawsuit in state court, seeking compensation on four separate counts: failure to pay owed wages, minimum wage, or overtime wages under the Fair Labor Standards Act ("FLSA"); retaliation under FLSA; nonpayment of wages in violation of Connecticut's wage and hour laws; and unjust enrichment. *See* Complaint, ECF No. 1-2. After Fairfield Family Care LLC ("Defendant") removed the case to this Court, the parties filed a Joint Motion for Settlement Approval on August 17, 2017. J. Mot. for Settlement Approval, ECF No. 12.

The motion will be **DENIED** the motion without prejudice for the reasons stated below.

**I.     Factual and Procedural History**

Plaintiff worked for Fairfield Family Care as a live-in caregiver. Compl. ¶¶ 3-5. She alleges that the Defendant failed to account for all the amount of time she worked, only paying her a per diem of $100. *Id* at ¶ 6. She alleges that, after the Department of Labor had determined her wages had been improperly withheld, the Defendant prepared false statements regarding the amount of hours she had worked. *Id* at ¶¶ 9-12. She allegedly refused to sign and she was then terminated. She filed this lawsuit in state court seeking lost wages, damages, costs, attorney fees.

Defendant then removed to this Court and filed an answer the Complaint on June 21, 2018. ECF No. 11.

On August 17, 2017, the parties submitted a proposed settlement agreement that would provide plaintiff with $17,500 inclusive of attorney fees. J. Mot. for Settlement Approval, ECF No. 12. The parties represent that they have a "bona fide disagreement" on several fronts and they have a "mutual desire to resolve their dispute without further litigation." *Id.* at ¶ 3. They certify that the agreement:

> (a) is fair to all parties; (b) reasonably resolves a bona fide disagreement between the parties with regard to the merits of Plaintiff's claims; and (c) demonstrates a good faith intention by the parties that Plaintiff's claims for liability and damages be fully and finally resolved and not re-litigated in whole or in part at any point in the future.

*Id.* at ¶ 6. Attached to their motion, the parties included a copy of the proposed settlement agreement. Settlement Agreement, ECF No. 12-1, J. Mot. for Settlement Aproval, Ex. A ("Settlement Agreement").

**II.    Discussion**

The Fair Labor Standards Act "is a uniquely protective statute." *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d. Cir. 2015). In light of these protections, courts in the Second Circuit are required to approve settlement agreements where the parties seek dismissal with prejudice of FLSA claims. *Id.* at 206 ("Thus, Rule 41(a)(1)(A)(ii) stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the DOL to take effect.").

After reviewing the proposed Settlement Agreement between the parties in this case, the Court has two main concerns in light of *Cheeks*. First, the agreement contains a broad release clause. Second, the agreement contains a broad class waiver. The Court is therefore unable to approve the proposed settlement without modifications.

### A. Release Terms

Courts within the Second Circuit have examined broad release clauses with skepticism, especially when the terms go beyond the types of claims raised an initial complaint. *See, e.g., Thallapaka v. Sheridan Hotel Assocs. LLC,* No. 15CV1321, 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015) ("This Court will not sanction releases in FLSA cases where the parties purport to waive 'practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issue.') (*quoting Camacho v. Ess–a–Bagel, Inc.*, 14 Civ. 2592(LAK), 2015 WL 129723, at *1 (S.D.N.Y. Jan. 9, 2015)); *Olano v. Designs by RJR, Ltd.*, No. 17CV5703, 2017 WL 4460771, at *3 (S.D.N.Y. Oct. 6, 2017) (rejecting "general release of all past, current, or future claims, whether known or unknown, suspected or unsuspected, relating to any matter up to the execution date of the Settlement Agreement, which is not limited to claims related to this action or Plaintiff's employment with Defendants.")

The Settlement Agreement at issue here includes a broad release section. Settlement Agreement ¶ 4(a). Ms. Emrani "knowingly and voluntarily release and forever discharges, to the fullest extent permitted by law" Defendant and its agents "of any and from all claims, known or unknown, asserted or unasserted: that she has or may have against Releasees as of the date of execution of this Agreement." By the terms of the Agreement, *id.*, these include:

- FLSA claims;
- Connecticut Fair Employment Practices Act and Wage and Hour Payment Law claims;
- "Any other federal, state or local civil or human rights law or any other federal, state or local law, regulation or ordinance governing wages or the payment of wage;"

- "Any obligation or claim arising under any public policy, contract (express or implied, written or oral), tort or common law, including, but not limited to, wrongful discharge, libel, slander, defamation, emotional distress, misrepresentation and/or obligations" arising from Fairfield's employments policies;
- Costs.

The broad language of the clause seems to sweep beyond the release of the type of claim settled in the FLSA action, especially given the inclusion of past and future claims under tort, common law, or federal, state, or local human rights law.

Additionally, Ms. Emrani's Complaint did not allege the types of violations that are included within the release clause. *Compare with Panganiban v. Medex Diagnostic & Treatment Ctr., LLC*, No. 15CIV2588AMDLB, 2016 WL 927183, at *3 (E.D.N.Y. Mar. 7, 2016) (approving of broad waiver including human rights claims because plaintiff had pled those claims in the original complaint and "at the very least, the plaintiff is aware of her claims arising under these statutes.")

Therefore, the Court cannot approve the Settlement Agreement as it is currently drafted, given its scope.

### B. Class Waiver

Courts in this Circuit have approved settlement agreements containing class waivers. *Yunda v. SAFI-G*, Inc., No. 15 CIV. 8861 (HBP), 2017 WL 1608898, at *4 (S.D.N.Y. Apr. 28, 2017) (approving settlement agreement where class action waiver involved any putative or certified class, collective or multi-party action or proceeding against any Releasee under the FLSA" because "the waiver is limited to participation" in a proceeding under the FLSA).

The Settlement Agreement at issue here, however, appears to sweep beyond a FLSA collective action. The agreement requires that: "If any claim is not subject to release, to the extent permitted by law, Employee waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which any Releasee is a party." Settlement Agreement ¶ 4(d).

Such broad language would therefore seem to implicate the same concerns as the release provision addressed above. The Court cannot approve the Settlement without some limitation of the class waiver provision.

## CONCLUSION

Given the concerns addressed above, the Court is unable to approve the Settlement Agreement as written. The parties' Joint Motion for Settlement Approval is therefore **DENIED without prejudice.** Consistent with this Order, the parties should proceed in one of two ways:

(1) The parties may file an amended settlement agreement on the public docket for Court approval addressing the concerns raised above; or,

(2) The parties may file notice with the Court that they intend to abandon their settlement agreement and continue to litigate this matter.

The parties shall take one of these actions within thirty (30) days of the date of this Order.

SO ORDERED this 21st day of November at Bridgeport, Connecticut.

/s/ Victor A. Bolden

VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE